IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
No. 3:23-mc-00181-RJC-SCR

| | |
|---|---|
| **HEATHER NICOLE DURHAM**, on behalf of herself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **CITY OF CHARLOTTE**, a North Carolina municipal corporation, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| **CENTRALSQUARE TECHNOLOGIES, LLC**, | ) ) ) |
| Movant. | ) |

## STIPULATED PROTECTIVE ORDER
## REGARDING CENTRALSQUARE PRODUCTION

IT IS HEREBY STIPULATED by and between Plaintiff Heather Nicole Durham ("Plaintiff"), Defendant City of Charlotte ("Defendant"), and Movant CentralSquare Technologies, LLC ("CentralSquare") (collectively, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, Plaintiff has sought Charlotte-Mecklenburg Police Department ("CMPD") crash reports and related data via subpoena from CentralSquare, in connection with *Heather Nicole Durham v. City of Charlotte,* United States District Court for the Western District of North Carolina, Charlotte Division, Action No. 3:21-cv-638-RJC-SCR (the "*Durham* Action"), and *Johnathan S. Hensley v. City of Charlotte,* United States District Court for the Western District of North Carolina, Charlotte Division, Action No. 3:20-cv-482-KDB-DSC (the "*Hensley* Action") (collectively, the "Underlying Actions").

THEREFORE, this Court orders as follows:

1. This Order supplements the protective orders entered in the Underlying Actions.

2. Upon CentralSquare's production of the CMPD crash reports in response to the *Durham* Action subpoena, Plaintiff and Defendant shall maintain the crash reports and all related data in accordance with the Federal Bureau of Investigation's Criminal Justice Information Services (CJIS) Security Policy (as applicable), and ensure compliance with Version 5.9.5 of the CJIS Security Policy, issued on July 9, 2024, and any further updated versions that are issued, as applicable. Plaintiff and Defendant shall each be solely responsible for ensuring appropriate compliance with all applicable laws regarding the information produced in response to the *Durham* Action subpoena.

3. For the avoidance of doubt, the CMPD crash reports produced in response to the *Durham* Action subpoena, including all related data, shall be used only for purposes of the *Durham* Action, including any appeals thereof.

4. Plaintiff and Defendant shall indemnify and hold harmless CentralSquare, including its officers, directors, employees, agents, successors, and assigns, to the fullest extent permitted by law, from any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses, losses, liabilities, penalties, fines, and damages arising from (a) CentralSquare's production of the CMPD crash reports in response to the *Durham* Action subpoena; (b) use (or misuse) of the CMPD crash reports and related data for any reason and in connection with the *Durham* Action, including any appeals thereof, by Plaintiff, Defendant, their counsel, and any third parties to which they disclose the CMPD crash reports and related data; (3) any violation of this Order by Plaintiff, Defendant, their counsel, or any third parties to which they disclose the CMPD crash reports and related data; and (4) any disclosure to any third party for purposes not contemplated herein.

5. At the conclusion of the Underlying Actions, including any appeals thereof, Plaintiff, Defendant, their counsel, and any third parties to which they disclose the crash reports and

related data, shall use best commercial efforts to destroy the crash reports and all related data produced by CentralSquare in response to the *Durham* Action subpoena, and in response to the *Hensley* Action subpoena, including but not limited to any decryption tool previously produced or that will be produced by CentralSquare. Plaintiff, Defendant, and their counsel shall provide CentralSquare with an attestation of compliance with this provision.

6. This Order may be modified at any time for good cause shown.

**SO ORDERED**.

Signed: February 10, 2025

_____
Susan C. Rodriguez
United States Magistrate Judge

**SEEN AND AGREED:**

/s/ J. David Stradley
J. David Stradley (NCSB No. 22340)
Robert Holmes (NCSB No. 12438)
White & Stradley, PPLC
3105 Charles B. Root Wynd
Raleigh, NC 27612
Telephone: (919) 844-0400
Email: stradley@whiteandstradley.com
rob@whiteandstradley.com

Frederick L. Berry (NCSB No. 9696)
John F. Bloss (NCSB No. 23947)
Higgins Benjamin, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
Telephone: (336) 273-1600
Email: fberry@greensborolaw.com
jbloss@greensborolaw.com

Andrew H. Brown (NCSB No. 28450)
James R. Faucher (NCSB No. 31514)
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm Street, Suite 200
Greensboro, NC 27401
Telephone: (336) 478-6000
Email: drew@greensborolawcenter.com
james@greensborolawcenter.com

*Counsel for Plaintiff Heather Nicole Durham*

/s/ Stephanie H. Webster
Patrick H. Flanagan
Stephanie H. Webster
Cranfill Sumner & Hartzog, LLP
P. O. Box 30787
Charlotte, NC 28230
Email: phf@cshlaw.com
swebster@cshlaw.com

*Counsel for Defendant City of Charlotte*

/s/ Kathleen E. Perkins
Nash E. Long
(N.C. Bar No. 24385)
Kathleen E. Perkins
(N.C. Bar No. 52340)
Hunton Andrews Kurth LLP
One South at the Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
(T) 704-378-4700
(F) 704-378-4890
Email: nlong@huntonak.com
kperkins@huntonak.com

/s/ Andrew S. Koelz
Andrew S. Koelz
(*Admitted pro hac vice*)
Hunton Andrews Kurth LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA 30308
(T) 404-888-4100
(F) 404-888-4190
Email: akoelz@huntonak.com

*Counsel for Non-Party Subpoena*
*Recipient CentralSquare Technologies, LLC*