IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
No. 3:23-mc-00181-RJC-SCR

| | |
|---|---|
| **HEATHER NICOLE DURHAM, on behalf of herself and others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **CITY OF CHARLOTTE, a North Carolina municipal corporation,** | ) ) ) |
| **Defendant,** | ) ) |
| and | ) ) |
| **CENTRALSQUARE TECHNOLOGIES, LLC,** | ) ) |
| **Movant.** | |

## CONSENT ORDER COMPELLING PRODUCTION

Before the Court are Plaintiff Heather Nicole Durham's Motion to Compel Compliance with Subpoena (ECF 1) and Movant CentralSquare Technologies, LLC's ("CentralSquare") Cross-Motion to Quash and for Entry of a Protective Order (ECF 6). After receiving briefing and additional argument from Plaintiff, CentralSquare, and Defendant City of Charlotte, the Court hereby enters this consent order.

WHEREAS, Plaintiff has sought Charlotte-Mecklenburg Police Department ("CMPD") crash reports and related data (the "Requested Data") via subpoena from CentralSquare, in connection with *Heather Nicole Durham v. City of Charlotte,* United States District Court for the Western District of North Carolina, Charlotte Division, Action No. 3:21-cv-638-RJC-SCR (the "*Durham* Action").

WHEREAS, during a December 18, 2024 telephone conference with the parties, the Court indicated that CentralSquare will need to produce the Requested Data if the case proceeds.

WHEREAS, CentralSquare is prepared to produce the Requested Data, but there is an appeal pending in the *Durham* Action which, if granted, would render the production of the Requested Data unnecessary as the case would not proceed, and Plaintiff does not seek production of the Requested Data until after resolution of the pending appeal.

WHEREAS, the parties have reached an agreement regarding production of the Requested Data pursuant to this consent order compelling production.

THEREFORE, this Court orders as follows:

1. If the pending appeal in the *Durham* Action is resolved prior to June 18, 2025, and Plaintiff informs CentralSquare prior to June 18, 2025 that it still seeks the Requested Data, CentralSquare shall produce the Requested Data to Plaintiff in decrypted XML format. Plaintiff shall pay CentralSquare the amount shown in Quote No. Q-203400 that CentralSquare provided to Plaintiff and the Court. CentralSquare shall have 90 days from receipt of payment to complete production of the Requested Data.

2. If the pending appeal in the *Durham* Action is resolved after June 18, 2025, and Plaintiff informs CentralSquare that it still seeks the Requested Data at that time, CentralSquare shall produce the Requested Data to Plaintiff in decrypted XML format if still feasible. If CentralSquare contends that it is no longer feasible to produce the Requested Data in that format, CentralSquare shall so inform Plaintiff and the Court. CentralSquare shall provide Plaintiff with an updated quote for production of the Requested Data in decrypted XML format, or for production via another available format if CentralSquare contends a decrypted XML production is no longer feasible. CentralSquare shall also provide Plaintiff with an updated estimate of how long it will take for CentralSquare to complete production after receipt of payment. If Plaintiff and CentralSquare cannot agree on the format, cost, and timing of the production, they may notify the Court via email to Chambers, and the

Court may take further action to resolve the disagreement on the format, cost, and timing of the production.

3. Plaintiff's Motion to Compel Compliance with Subpoena (ECF 1) and CentralSquare's Cross-Motion to Quash and for Entry of a Protective Order (ECF 6) are denied as moot.

4. The Court shall retain jurisdiction over this case until it receives an update from the parties on whether the Requested Data has been produced, or is no longer sought by Plaintiff.

5. The Court directs the Clerk of Court to administratively close this case pending further order by the Court on reopening or closing this case.

**SO ORDERED**.

Signed: February 10, 2025

_____
Susan C. Rodriguez
United States Magistrate Judge

**SEEN AND AGREED:**

/s/ J. David Stradley
J. David Stradley (NCSB No. 22340)
Robert Holmes (NCSB No. 12438)
White & Stradley, PPLC
3105 Charles B. Root Wynd
Raleigh, NC 27612
Telephone: (919) 844-0400
Email: stradley@whiteandstradley.com
 rob@whiteandstradley.com

Frederick L. Berry (NCSB No. 9696)
John F. Bloss (NCSB No. 23947)
Higgins Benjamin, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
Telephone: (336) 273-1600
Email: fberry@greensborolaw.com
 jbloss@greensborolaw.com

Andrew H. Brown (NCSB No. 28450)
James R. Faucher (NCSB No. 31514)
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm Street, Suite 200
Greensboro, NC 27401
Telephone: (336) 478-6000
Email: drew@greensborolawcenter.com
 james@greensborolawcenter.com

*Counsel for Plaintiff Heather Nicole Durham*

/s/ Stephanie H. Flanagan
Patrick H. Flanagan
Stephanie H. Webster
Cranfill Sumner & Hartzog, LLP
P. O. Box 30787
Charlotte, NC 28230
Email: phf@cshlaw.com
 swebster@cshlaw.com

*Counsel for Defendant City of Charlotte*

/s/ Kathleen E. Perkins
Nash E. Long
(N.C. Bar No. 24385)
Kathleen E. Perkins
(N.C. Bar No. 52340)
Hunton Andrews Kurth LLP
One South at the Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
(T) 704-378-4700
(F) 704-378-4890
Email: nlong@huntonak.com
 kperkins@huntonak.com

/s/ Andrew S. Koelz
Andrew S. Koelz
(*Admitted pro hac vice*)
Hunton Andrews Kurth LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA 30308
(T) 404-888-4100
(F) 404-888-4190
Email: akoelz@huntonak.com

*Counsel for Non-Party Subpoena
Recipient CentralSquare Technologies, LLC*